Patrick J. McKeever (SBN 268763)
PMcKeever@perkinscoie.com
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130-2549
Telephone:  858.720.5700
Facsimile:  858.720.5799

Amir Gamliel (SBN 268121)
AGamliel@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E, Suite 1700
Los Angeles, CA 90067
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Plaintiff
INKBED, INC.

Marc E. Hankin (SBN 170505)
marc@hankinpatentlaw.com
Anooj M. Patel (SBN 300297)
anooj@hankinpatentlaw.com
HANKIN PATENT LAW, APC
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA 90025
Telephone: (310) 979-3600
Facsimile: (310) 979-3603

Attorneys for Defendant
FRICTION TATTOO SUPPLY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| INKBED, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>FRICTION TATTOO SUPPLY,<br><br>        Defendant. | Case No. 2:17-cv-05530-CBM-AFMx<br><br>**JOINT RULE 26(f) DISCOVERY PLAN**<br><br>Date:   February 27, 2018<br>Time:   9:30 A.M.<br>Judge: Hon. Consuelo B. Marshall |

Pursuant to the Court's Order Setting Scheduling Conference (Dkt. 22), Plaintiff InkBed, Inc. ("InkBed" or "Plaintiff") and Defendant Friction Tattoo Supply ("Friction") submit this Rule 26(f) discovery plan.

### 1.   Nature and Type of Case

This is an action for patent infringement in which InkBed alleges infringement by Friction of U.S. Patent No. 9,375,088 ("the '088 Patent") based on Friction's sales of tattoo chairs. InkBed filed this case in this Court on July 26, 2017.

### 2.   Party Statements

InkBed's Statement:

InkBed has been awarded patents for its new and innovative designs for tattoo chairs. InkBed's patented designs make it easier for a tattoo artist to access certain areas on the client and more comfortable for the client and the artist. InkBed was awarded U.S. Patent No. 8,651,569 on Feb. 8, 2014 and U.S. Patent No. 9,375,088 on June 28, 2016. InkBed has also been awarded other patents for other equipment used in connection with tattooing.

On April 6, 2017, InkBed sent a cease-and-desist letter to Friction demanding that it stop selling infringing products such as the Lite Hybrid V2 chair and stop using InkBed's trademarks to advertise its infringing products. InkBed never received a response to its letter.

This is not the first dispute that has arisen between InkBed and Friction. In 2013, InkBed's affiliate LCL Enterprises settled a dispute with Friction regarding its use of LCL's trademarks and the domain name www.tattooinkchair.com. Subsequently, in 2015, InkBed sent a cease-and-desist letter demanding that Friction stop selling certain tattoo chairs that infringed U.S. Patent No. 8,651,569, the parent of the '088 Patent. Although Friction stopped selling the accused chairs, it resumed selling modified chairs such as the Tattoo Chair Full Flagship and Tattoo Chair Lite Hybrid models accused in this case.

1      InkBed alleges that Friction's infringement has been willful because InkBed
2 chose to disregard InkBed's April 6, 2017 letter and continue infringing, forcing
3 InkBed to bring this action.  In addition, Friction's past infringement of InkBed's
4 patents and trademarks shows a pattern of willful and wanton disregard for
5 InkBed's intellectual property.  Accordingly, InkBed seeks enhanced damages for
6 Friction's willful infringement.

7      Friction's Statement:
8      Friction maintains that at no time has Friction infringed any of InkBed's
9 Patent or Trademark rights, and that any Settlement Agreement was entered into to
10 resolve uncertainty and did not admit or otherwise indicate any infringement
11 actually occurred, nor that Friction had any liability to InkBed for any prior actions.
12      Friction takes legal matters seriously, but Friction never received the April 6,
13 2017 Letter.  As soon as Friction was notified about the filing of this litigation,
14 Friction engaged legal counsel to analyze the situation.  Friction determined that its
15 products do not infringe the '088 Patent, so, accordingly, even if Friction is found
16 to infringe the '088 Patent, which it will not be, Friction did not engage in willful
17 infringement. The prior dispute between the Parties had been resolved before the
18 '088 Patent even issued, so the relevance of that earlier dispute and this later
19 dispute is not as clear and obvious as InkBed would like to make it seem.
20      In any event, the Parties have agreed to settle this dispute for an agreed upon
21 amount to avoid either side spending unnecessary legal fees.

22      **3.    Basis for Jurisdiction**
23      This Court has jurisdiction because this case arises under the patent laws of
24 the United States, 35 U.S.C. § 1 et seq. and InkBed seeks damages and injunctive
25 relief pursuant to 35 U.S.C. §§ 271, 281, and 283-285.

26      **4.    Demand for Jury Trial**
27      InkBed's complaint, filed Jul. 26, 2017, included a written demand for a jury
28 trial.  Friction's Answer, filed December 28, 2017, included a written demand for a

jury trial.

### 5. Key Legal Issues

The key legal issues to be determined in this case are whether Friction has infringed the '088 Patent. If Friction is found to infringe the '088 Patent, which Friction maintains that is has not, then additional legal issues would include whether InkBed is entitled to injunctive relief, whether InkBed is entitled to enhanced damages, and the damages to which InkBed is entitled to compensate for any alleged infringement by Friction.

Additionally, additional key legal issues include whether the '088 Patent is invalid, limited by Patent Prosecution History Estoppel, or unenforceable against Friction.

### 6. Range of Probable Damages

The parties dispute the range of probable damages in this case. InkBed submits that damages are likely to be in the hundreds of thousands of dollars range. Friction submits that because Friction has not infringed the '088 Patent, that there are no damages, but that if there are any damages, then they are likely to be only in the tens of thousands of dollars range, based upon the very small amount of sales by Friction.

### 7. Likelihood of Appearance of Additional Parties

At this time, neither party knows of any additional parties that are likely to appear. After taking discovery regarding Friction's corporate status, InkBed may seek to add Friction's owners as parties.

### 8. Manual for Complex Litigation

Neither party proposes that the Court use the procedures in the Manual for Complex Litigation.

### 9. Current Discovery Status

Neither side has served discovery requests yet and no depositions have been calendared.

**10.   Initial Disclosures**

The parties propose that each party make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(a) on March 5, 2018.

**11.   Anticipated Discovery**

InkBed expects to take discovery regarding the design and operation of the accused products, the importing or manufacturing of the accused products, Friction's sales, Friction's knowledge of InkBed's intellectual property, and Friction's willful infringement.

Friction expects to take discovery regarding InkBed's alleged damages, sales, related litigations, the '088 Patent, and evidence in support of its allegations.

**12.   Discovery Limitations**

The parties do not propose any changes to the limitations on discovery set forth in the Federal Rules of Civil Procedure.

**13.   Proposed Discovery Cut-Off**

The parties propose Oct. 15, 2018.

The parties do not propose any phasing of discovery by issue.

**14.   Proposed Expert Disclosures**

InkBed proposes that each party serve opening expert reports on Nov. 5, 2018 on issues where they bear the initial burden of proof, and that each party serve rebuttal expert reports on Jan. 4, 2019.

InkBed expects to call one technical expert with experience in mechanical engineering and one damages expert.

Friction expects to call one rebuttal technical expert with experience in mechanical engineering and one rebuttal damages expert.

**15.   Proposed Pre-Trial Conference**

The Parties propose March. 18, 2019.

**16.   Motions Contemplated**

InkBed may file a motion for summary judgment of infringement. InkBed

expects that such a motion could be heard following expert discovery. Discovery must be conducted prior to the filing of this motion.

Friction contemplates filing a Motion for Summary Judgment of Non-Infringement. Friction expects that such a Motion could be heard before or after Expert Discovery, whichever the Court prefers.

### 17. Prospects of Settlement

The parties have been engaged in settlement discussions for several months, have agreed upon an amount to address allegations of past infringement and certain other terms, but have not yet reached a final agreement.

### 18. Consent to Proceed Before Magistrate

Neither party consents to proceed before a Magistrate.

### 19. ADR Procedures

The parties select ADR Procedure No. 2 set forth in L.R.16-15.4, i.e., settlement proceedings before a neutral selected from the Court's Mediation Panel. The parties would recommend that this occur in April 2018 in the event the parties have not reached settlement by that time.

### 20. Trial

The parties request a jury trial. The parties estimate that trial would take three (3) full days. Lead trial counsel for InkBed will be Patrick McKeever and lead trial counsel for Friction will be Marc E. Hankin.

### 21. Additional Orders

The parties anticipate submitting a stipulated protective order governing the treatment of confidential information produced in this case and an order governing discovery of electronically stored information ("ESI").

Respectfully submitted,

DATED: February 20, 2018

**PERKINS COIE LLP**

By: */s/ Patrick J. McKeever*
Patrick J. McKeever

Attorneys for Plaintiff
INKBED, INC.

DATED: February 20, 2018

**PERKINS COIE LLP**

By: */Marc E. Hankin/*
Marc E. Hankin

Attorneys for Defendant
FRICTION TATTOO SUPPLY